**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **SHIRLEY J. UGBO,** | : |
| Pro Se Plaintiff, | : |
| v. | : |
| | : Civil Action No. 2:05cv580 |
| **PATRICIA A. KNOWLES,** | : |
| Defendant. | : |

## OPINION AND ORDER

A plaintiff alleging a claim under Title VII of the Civil Rights Act must file her action no later than ninety (90) days after receiving a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-16(c). Failure to meet this deadline precludes the Court from considering the merits of the claim. See id.; Lewis v. Norfolk Southern Corp., 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing Harvey v. City of New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987)). Because plaintiff Shirley J. Ugbo ("Ugbo") failed to file this discrimination action within the 90-day period, the Court **GRANTS** defendant Patricia A. Knowles's ("Knowles") Motion to Dismiss (Docket No. 7).

## I.  **Factual and Procedural History**[1]

Plaintiff Ugbo worked at the Hampton Roads Chamber of Commerce ("HRCC") as an administrative coordinator, and she reported directly to defendant Knowles.  In 2003, Ugbo's exemplary work performance garnered her an invitation to apply for a scholarship to attend a leadership development institute run by the Virginia Association of Chamber of Commerce Executives.  Knowles unsuccessfully attempted to dissuade Ugbo from listing her college and graduate level credentials on the application.  Knowles expressed concern that her subordinate's higher education credentials would highlight Knowles' lack of a college degree.

In the months following the application incident, Knowles's disposition toward Ugbo soured.  In June 2003, Knowles denied Ugbo's bid for a promotion and told her either to pursue an MBA or to find another job.  Ugbo complained to HRCC management about Knowles' directives, and management in turn talked to Knowles.

On July 21, 2003, Knowles approached Ugbo about what she considered Ugbo's unsatisfactory performance.  She told Ugbo to conform her work to division standards and draft annual personal

---

[1] These facts are described in the light most favorable to the non-moving party, here plaintiff Ugbo.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Smith v. Cont'l Cas. Co., 369 F.3d 412, 417 (4th Cir. 2004); Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995).

goals.  One week later, presumably in reaction to Ugbo's complaint to HRCC management, Knowles told Ugbo that other African-American employees had unsuccessfully pursued EEOC charges in the past and that Ugbo might not want to file such a charge.  On August 12, 2003, Knowles offered Ugbo the option of either resigning with a letter of reference or being terminated.  In taking this action, Knowles cited Ugbo's failure to meet the remedial criteria she established in July.  Ugbo subsequently filed an EEOC charge against Knowles, claiming race, sex, and age discrimination and reprisal under Title VII.[2]

On June 28, 2005, the EEOC mailed to Ugbo a "Notice of Right to Sue" letter ("Right-To-Sue letter").  Among other things, the Right-To-Sue letter advised Ugbo that the EEOC would not pursue her claim.  On October 4, 2005, ninety-seven (97) days after the Right-To-Sue letter was mailed, plaintiff filed this action.

The Right-To-Sue letter stated on its face, in bold print, that Title VII lawsuits **"must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice."** (Docket No. 2).  Accompanying the Right-To-Sue letter was an information sheet titled "Information Related to Filing Suit Under the Laws Enforced by the EEOC."  The sheet states:

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.**  Therefore, you should **keep a record of this date**. ...  Furthermore, in order to avoid any question that you

---

[2] Ugbo identifies herself as a 44-year-old, African-American female.

3

did not act in a timely manner, it is prudent that your suit be filed within **90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of postmark if later. (Docket No. 2).

## II. Analysis[3]

The ninety-day requirement in Title VII actions operates as a statute of limitations that must be construed strictly. See 42 U.S.C. § 2000e-16(c); see also Lewis v. Norfolk S. Corp., 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing Harvey v. City of New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987)). The Court will rely on Federal Rule of Civil Procedure 6(e)[4] to presume that the right-to-sue letter arrived at the plaintiff's home three days after it was mailed by the EEOC, i.e., July 1, 2005. See Beale v. Burlington Coat Factory, 36 F. Supp. 2d 702, 704 (E.D. Va. 1999). Counting ninety days forward from July 1, the plaintiff should have filed this action on or before September 28. Fed. R. Civ. P. 6(a). She instead filed her Complaint on October 4.

---

[3] The Court recognizes that the plaintiff, as a pro se litigant, is to be treated with deference. See Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989); Taylor v. Wal-Mart Stores, Inc., 376 F. Supp. 2d 653, 655 (E.D. Va. 2005). As such, her Complaint is to be liberally construed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994); Johnson v. Pearson, 316 F. Supp. 2d 307, 313 (E.D. Va. 2004); Levy v. Jensen, 285 F. Supp. 2d 710, 713 (E.D. Va. 2003).

[4] "Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the period would otherwise expire under subdivision (a)." Fed. R. Civ. P. 6(e) (emphasis added).

4

A Court is permitted to equitably toll the Title VII filing period when a thorough examination of the facts yields reasonable grounds to do so. See Harvey, 813 F.2d at 654. While a number of courts have found extenuating circumstances sufficient to toll the filing period, none has recognized a plaintiff's lack of diligence as a reasonable ground for exercising its discretion. In Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), for example, the Supreme Court denied equitable tolling when a claimant merely failed to preserve her claim despite being told three times to file her action. Id. at 151-52. ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence").[5]  Similarly, in Harper v. Burgess, 701 F.2d 29 (4th Cir. 1983), the Fourth Circuit held that, notwithstanding lack of an actual notice, a claimant was not entitled to equitable tolling "because she had moved and failed to notify the EEOC of her change of address." Id. at 30. Finally, in Sanderlin v. La Petite Academy, Inc., 637 F. Supp. 1166 (E.D. Va. 1986), this Court refused to toll the statutory period for two days based on the fact that the plaintiff's husband signed for the Right-To-Sue letter while the plaintiff was out of town. In refusing plaintiff's request, Judge Kellam

---

[5] The Supreme Court stated that equitable tolling is proper in cases where there was inadequate notice to a claimant, pending disposition of a motion to appoint counsel, a claimant's justifiable reliance on a court in believing she had done all that was required, or a defendant's affirmative misconduct "lulling" a plaintiff into inaction. Baldwin, 466 U.S. at 151-52.

5

held that the filing period began to run once a Right-To-Sue letter arrived at the plaintiff's home and not when the plaintiff actually read it.  Id. at 1170-71; cf. Dempsey v. Harrison, 387 F. Supp. 2d 558, 561 (E.D. N.C. 2005) (allowing the date a plaintiff petitioned to proceed in forma pauperis as manifesting "diligent efforts to protect his claim").[6]

When, as here, a plaintiff has not alleged any factual basis for equitable tolling, she is not entitled to it.  See Kokotis v. U.S. Postal Serv., 223 F.3d 275, 280-81 (4th Cir. 2000) (equitable tolling inappropriate where claimant fails to exercise due diligence to preserve rights).  Moreover, plaintiff's pro se status provides no independent basis for an equitable tolling of the Title VII filing period.  See Baldwin, 466 U.S. at 152.

Although the Court strives to grant pro se litigants deference, there are limits on the liberal construction applied to a pro se Complaint.  See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Johnson, 316 F. Supp. 2d at 313-14; Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).  Not even the most liberal construction of plaintiff's Complaint suggests that she filed this action before the statutory period expired or that her delay was excusable.

---

[6] Plaintiff Ugbo filed a Motion for Leave to Proceed in forma pauperis on October 3, 2005, nintey-six (96) days after the mailing date.  Even if the Court recognized the date she filed the Motion for Leave to Proceed as grounds for equitable tolling, as the Eastern District of North Carolina did in Dempsey, 387 F. Supp. 2d at 558, plaintiff still filed her complaint six days too late.

6

### III.  Conclusion

For the aforementioned reasons, the Court **GRANTS** defendant's motion, and this case is **DISMISSED WITH PREJUDICE.**

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to plaintiff Ugbo and to all counsel of record.

**IT IS SO ORDERED.**

                                                    /s/
                                      Walter D. Kelley, Jr.
                               UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 28, 2007